FILED
SUPERIOR COURT
OF GUAM

2024 JUN 10 AM 10: 06

CLERK OF COURT

BY:_____ Sm _____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| MICHAEL F. PHILLIPS AND THE LAW OFFICES OF PHILLIPS & BORDALLO, P.C., | **CIVIL CASE NO. CV0304-23** |
| Plaintiffs, | |
| vs. | **DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO DISQUALIFY THE OFFICE OF THE ATTORNEY GENERAL OF GUAM** |
| GOVERNMENT OF GUAM, and DOES 1-10, | |
| Defendants. | |

The Court here reviews Plaintiffs Michael Phillips and the Law Offices of Phillips & Bordallo, P.C.'s Motion to Disqualify the Office of the Attorney General from representing Defendant Government of Guam. As the Office of the Attorney General's ("OAG") representation of the Government of Guam in this matter does not violate or significantly risk violating the Guam Rules of Professional Conduct ("GRPC"), the Court DENIES the Motion.

Plaintiffs brought this proceeding alleging a Breach of Legal Services Agreement by the Government of Guam. Compl. (May 1, 2023). Plaintiffs now move for disqualification of the OAG based on "an unresolved conflict with the Governor of Guam, former Attorney General, Assistant Attorney Generals[,] and Special Assistants Attorney General." Errata Mot. Disqualify at 1 (Mar. 11, 2024). Plaintiffs' arguments and evidence regarding the basis for this conflict of interest primarily rely on heavily publicized disputes between the OAG and Governor of Guam on issues regarding representation, not in relation to this case. *Id.* at 2, 4-8; *see* Decl. Michael Phillips (Mar. 8, 2024). As it relates specifically to conflicts arising in relation to this

ORIGINAL

proceeding, Phillips provides that "[i]t appears clear the Attorney General's Office worked with the current Governor during her retention of" Plaintiffs, that he "believe[s] the current Attorney General is saying neither the previous Attorney General nor current Governor had authority to enter into" the legal services agreements at issue, and that his office worked with the OAG on the cases for which he was retained. Decl. Phillips ¶ 11-12. In addressing the legal basis for their Motion, Plaintiffs provide block quotes from four different sections of the Guam Rules of Professional Conduct: Rule 1.9: Duties to Former Clients; Rule 1.10: Imputation of Conflicts of Interest; Rule 2.1: Advisor; and Rule 4.3: Dealing with Unrepresented Person. Errata Mot. Disqualify at 3-4.

## I.     THE LEGAL STANDARD FOR DISQUALIFICATION

"Disqualification is a drastic course of action that should not be taken simply out of hypersensitivity to ethical nuances or the appearance of impropriety." *Barrett-Andersen v. Camacho*, 2018 Guam 20 ¶ 15. "The proper test for attorney disqualification in Guam is whether an attorney's continued representation or participation in a matter violates or significantly risks violating the Guam Rules of Professional Conduct." *Id.* ¶ 15. The Court therefore looks to the various provisions of the GRPC cited by Plaintiffs to determine if there is a violation of the rules or a significant risk of such a violation.

## II.     GUAM RULE OF PROFESSIONAL CONDUCT 1.9(a)

As Plaintiffs' argument for disqualification is based on a conflict of interest, the Court begins by reviewing Rule 1.9, the only GRPC cited by Plaintiffs from which a conflict of interest can initiate. Specifically, Rule 1.9(a) provides "[a] lawyer who, has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related

ORIGINAL

matter in which that person's interests are materially adverse to the interests of the former client unless the former client giver informed consent, confirmed in writing."

Since the materially adverse portion of this rule is dispositive here, the Court begins its analysis by looking to whether this requirement is satisfied. The GRPC was adopted from the ABA Model Rules of Professional Conduct. *Barrett-Andersen,* 2018 Guam 20 ¶ 17. An ABA Formal Ethics Opinion specifically addresses the issue of when material adversity exists. ABA Formal Ethics Op. 497 (2021). Material adversity exists where there is direct adversity, as discussed in the OAG's opposition, but can also be present without direct adversity. *Id.* at 3; *see generally* Opp'n Mot. Disqualify (Apr. 4, 2024). In the absence of direct adversity, "a claimed detriment that is not accompanied by a demonstrable harm to the former...client's interests does not constitute 'material adverseness.'" ABA Formal Ethics Op. 497 at 4.

As a threshold matter, the Court notes that the only individual that Plaintiffs argue was ever a former client of the OAG is the Governor. Decl. Phillips ¶ 9. Without addressing the merits of this assertion, the Court looks at whether the Government of Guam's, the OAG's current client, interests in this matter are materially adverse to the Governor. The Governor is not a party to this lawsuit, and as a result, there is no direct adversity. Therefore, the Court looks at whether there is a claimed detriment accompanied by a demonstrable harm to the Governor. While Plaintiffs assert a detriment to themselves based on the OAG's purported change of position, they do not assert any detriment or demonstrable harm to the Governor. Moreover, the conflicts between the OAG and Governor outside of this case do not support a finding of material adversity because they do not relate to the present matter. Therefore, the Court finds there is no conflict of interest pursuant to Rule 1.9(a).

ORIGINAL

## III.    OTHER PROVISIONS OF THE GUAM RULES OF PROFESSIONAL CONDUCT CITED BY PLAINTIFFS

Turning to the remaining provisions of the GRPC referenced by Plaintiffs, the Court does not find it necessary to review Rule 1.9(b), as this rule specifically relates to a lawyer's former firm which is not at issue here. Moreover, as the Court has found no conflict of interest exists pursuant to the provisions of Rule 1.9 cited by Plaintiffs, it need not address any potential imputation of a conflict under Rule 1.10. Finally, beyond block quoting Rules 2.1 and 4.3, Plaintiffs fail to explain how these rules relate to their argument regarding a conflict of interest, and the Court declines to attempt to infer their intended argument.

## IV.    CONCLUSION & ORDER

Therefore, based on Plaintiffs' failure to demonstrate a conflict of interest pursuant to Rule 1.9(a), the Court DENIES their Motion to Disqualify.

Since the Motion to Disqualify has now been disposed of, the Court schedules oral argument on the pending Motion to Dismiss for **June 20, 2024, at 9:00 a.m.** The hearing will be held remotely.[1]

**SO ORDERED, 7 June 2024.**

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Michael F. Phillips, Esq., The Law Offices of Phillips & Bordallo, P.C. for Plaintiffs
Daniel S. Morris, Assistant Attorney General, Office of the Attorney General of Guam, for
        Defendants

---

[1] To attend or participate in the hearing, appear remotely at https//guamcourts-org.zoom.us and enter Meeting ID: 864 4387 2213
Passcode: JEMI

ORIGINAL